UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TAREK AA. o/b/o M.T.AA,

        Plaintiff,

v.                                                                                          CASE # 20-cv-01808

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Law Offices of Kenneth Hiller, PPLC<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | AMY C. CHAMBERS, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JESSAMYN L. HANNA, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for judgment on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

**I.     RELEVANT BACKGROUND**

   **A.     Factual Background**

Plaintiff was born on May 20, 2007 and was a school-age child on the application date and at the time of the hearing. (Tr. 172). Generally, plaintiff alleges disability because of Type 1 Diabetes, emotional problems, and gluten allergy. (Tr. 183).

   **B.     Procedural History**

On September 27, 2017, plaintiff[1] protectively filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 26, 159). Plaintiff's application was initially denied, after which a timely request was made for a hearing before an Administrative Law Judge (ALJ). On September 9, 2019, plaintiff and his father appeared before ALJ Hortensia Haaversen with the assistance of an interpreter. (Tr. 54-84). On November 15, 2019, ALJ Haaversen issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 23-36). On October 13, 2020, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-4). The ALJ's decision became the final decision of the Commissioner and this action followed.

   **C.     The ALJ's Decision**

Generally, ALJ Haaversen made the following findings of fact and conclusions of law:

> 1. The claimant was born on May 20, 2007. Therefore, he was a school-age child on September 27, 2017, the date application was filed, and he is currently an adolescent (20 CFR 416.926a(g)(2)).
>
> 2. The claimant has not engaged in substantial gainful activity since September 27, 2017, the application date (20 CFR 416.924(b) and 416.971 *et seq*.).
>
> 3. The claimant has the following severe impairments: Diabetes (Type 1)(20 CFR 416.924(c)).

---

[1] At the time of application plaintiff's father commenced the action because plaintiff was a minor.

2

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a). The undersigned finds that the claimant has:
- less than a marked limitation in acquiring and using information;
- less than a marked limitation in attending and completing task;
- less than a marked limitation in interacting and relating with others;
- no limitation in moving about and manipulating objects;
- no limitation in the ability to care for himself;
- less than a marked limitation in health and physical well-being.

6. The undersigned finds that the claimant has not been disabled, as defined in the Social Security Act, since September 27, 2017, the date the application was filed (20 CFR 416.924(a)).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two arguments in support of the motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to properly consider and explain the childhood functional domains. (Dkt. No. 11 at 14 [Pl.'s Memo of Law]). Second, the Appeals Council improperly disallowed subsequent evidence. (Dkt. No. 11 at 27).

### B.   Defendant's Arguments

In response, defendant makes two arguments. First, defendant argues the ALJ properly considered and explained the childhood functional domains. (Dkt. No. 12 at 6[Def.'s Mem. of Law]). Second, defendant argues the AC acted properly when it did not consider evidence from after the ALJ's decision. (*Id*. at 15).

### III.     RELEVANT LEGAL STANDARD

#### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

To be "disabled" within the meaning of the Act, a child must show he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I).

A three-step sequential evaluation process determines whether a supplemental security income claimant under the age of 18 is disabled. 20 C.F.R. § 416.924(a). At the first step, the ALJ determines whether the child has engaged in substantial gainful activity during the relevant period. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the evaluation continues to the next step. At the second step, the ALJ determines whether the child has a "severe" impairment, or combination of impairments – i.e., a slight abnormality or combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the ALJ denies the application; otherwise, the evaluation continues.

At step three of the sequential evaluation process, the ALJ determines whether a child's impairments meet, medically equal, or functionally equal the severity of one of the Commissioner's listed impairments (Listings). 20 C.F.R. §§ 416.924(a), (d). If not, the child is not disabled. 20 C.F.R. § 416.924(d). As part of the step three analysis, if the ALJ finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ assesses all functional

limitations using six "domains" of functioning to determine whether the child's symptoms are functionally equivalent to the listed impairments. 20 C.F.R. § 416.926a. The six domains of functioning include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence occurs when a child has an "extreme" limitation in one of the six domains of functioning or "marked" limitations in at least two domains. 20 C.F.R. § 416.926a(e).[2]

## IV.   ANALYSIS

### A. Functional Domains

Plaintiff argues the ALJ's findings in the domains of attending and completing tasks, interacting with others, caring for self, and health and well-being are not supported by substantial evidence. (Dkt. No. 11 at 14). At Step two of the evaluation, ALJ Haaversen only found the severe impairment of diabetes, type I. (Tr. 27). Plaintiff's gluten allergy and adjustment disorder were found to be non-severe which plaintiff does not challenge, yet he argues these impairments cause marked limitations in the functional domains. (Tr. 27). By definition, a child's impairment is not considered severe if it "is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c). Although plaintiff claims

---

[2]   "Extreme" means a child has an impairment that very seriously interferes with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e). "Marked" indicates that he or she has an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. *Id*.

the mental impairments and gluten allergy cause greater limitations, the ALJ cited to multiple pieces of evidence in the record showing these two impairments caused him no more than minimal functional limitations. (Tr. 27-30). Significantly, plaintiff was not treated for his adjustment disorder until an initial assessment in August of 2019, which also documented no significant issues. (Tr. 813-16). Even if the ALJ erred at step two, however, it was harmless. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013). The ALJ continued with the sequential evaluation process and considered all of plaintiff's severe and non-severe impairments at Step Three. The ALJ also explicitly stated in her step three determination that, "after careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 32). Plaintiff's medically determinable impairments included his non-severe gluten allergy and adjustment disorder. Thus, plaintiff's argument that the ALJ failed to consider his non-severe impairments, under the whole child approach, is without merit.

Although plaintiff asserts errors in at least four of the six functional domains, the ALJ's decision gives ample guidance to the Court on how she came to the ratings in each domain. As an initial matter, the ALJ appropriately considered the opinions and teacher statements in the record. Under the new regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a), § 416.920c(a). Indeed, teachers are not a medical source but ALJs will consider all relevant evidence in a child's case record, including evidence from teachers. The Regulations also require ALJs to "evaluate every medical opinion [received]" from both treating and non-treating sources. *See* 20 C.F.R. §

416.927; SSR 14-2P. Here, the ALJ followed these guidelines in rendering the disability determination.

ALJ Haaversen justifiably found the opinions of Drs. Liu and Santarpia persuasive. (Tr. 33). Dr. Liu opined plaintiff's diabetes was stable and there were no limitations for routine activity. (Tr. 372). The ALJ found the opinion to be consistent with the medical findings in the record, which did not document any signs of limitations due to plaintiff's diabetes. (Tr. 25). See 20 C.F.R. § 416.920c(c)(2) (explaining that the more consistent a medical opinion is with the evidence from other medical and nonmedical sources, the more persuasive the medical opinion will be found). Similarly, based on normal exam findings, Dr. Santarpia also found plaintiff's psychiatric problems did not appear significant enough to interfere with functioning on a daily basis. (Tr. 366). The ALJ found this opinion persuasive, noting it was both consistent with the overall record, as well as Dr. Santarpia's own examination. Tr. 34. *See* 20 C.F.R. § 416.920c(c)(2); 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be."). While the opinion of a consultative examiner may constitute substantial evidence in support of an ALJ's decision, plaintiff has neglected to discuss the ALJ's findings of persuasiveness but argued the non-medical source statements from plaintiff's teachers should have been found more persuasive. *See, e.g., Grega v. Saul*, 816 F. App'x 580, 582–83 (2d Cir. 2020) *citing Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983). Furthermore, plaintiff does not assert error in the ALJ's consideration of the opinions from Drs. Liu or Santarpia and indeed it was within the ALJ's discretion to resolve genuine conflicts in the evidence. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

Additionally, the ALJ's findings are supported by the state agency medical consultant's opinion. (Tr. 94). Dr. Stouter reviewed the record and opined the plaintiff had a less than marked limitation acquiring and using information, remarking that the plaintiff was in a regular fifth grade class, and while he was performing at a first grade reading level, third grade math level, and second grade written language level, he was not classified as a special education student and did not have an Individualized Education Plan (IEP). (*Id.*). Dr. Stouter opined a less than marked limitation attending and completing tasks, because despite teacher reports that he had a hard time being independent, Dr. Santarpia found plaintiff's thought process was goal oriented, his attention and concentration were age appropriate, his cognitive function was average, and his general fund of knowledge was age appropriate. (Tr. 94). Dr. Stouter opined less than marked limitations interacting and relating with others because the examination with Dr. Santarpia revealed plaintiff was polite and cooperative, made limited eye contact and appeared shy despite some reports by teachers of difficulties getting along with others. (Tr. 95). Additionally, Dr. Santarpia observed plaintiff's manner of relating and overall presentation were age appropriate, and his speech intelligibility was fluent. (*Id.*). Dr. Stouter opined no limitation in the domain of caring for himself, as plaintiff was able to dress, bath, and groom himself. (Tr. 95). Dr. Stouter expressly considered Dr. Santarpia's note that plaintiff had an adjustment disorder due to frequent home raids in Syria, however, Dr. Santarpia found no limitations. (*Id.*). Finally, in the domain of health and physical well-being, Dr. Stouter found less than marked limitations, noting that plaintiff was diagnosed with diabetes, which he takes medications for, but that his physical examination was unremarkable. (Tr. 95). The ALJ found this opinion persuasive, because it was consistent with the record, which did not establish more than marked limitations in the specified domains. (Tr. 34. *See* 20 C.F.R. §

416.913a(b)(1) (State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation.)).

Contrary to plaintiff's arguments, the ALJ appropriately considered the opinions from plaintiff's teachers. (Tr. 35). Specifically, Ms. Iraci did not explain or give any support for the very serious limitations beyond stating he had a hard time being independent, he rarely tried anything on his own, and he used an insulin pump and would get moody when his insulin levels were low. (Tr. 197-99). Teacher Ms. Bogacz also found obvious to serious problems in the domains but stated he was still learning English, did not like school, came to class unprepared, and had little patience with other students. (Tr. 252-54). Lastly, teacher Ms. Rizzo found slight to obvious problems in acquiring and using information but not in the other domains. (Tr. 265). The ALJ considered the assessments but found that the record did not support the severity of the opined limitations and significantly none of the limitations were attributed to his diabetes or other medically determinable impairments. (Tr. 35-36).

Although plaintiff alleges the ALJ reached her findings with a selective recitation of the evidence, the ALJ considered all the teacher statements, all opinions from consultative examiners and review physicians, and the treatment notes in the record. The ALJ did indeed evaluate the whole child by considering how the claimant functions at home, at school and in the community, including the interactive and cumulative effects of all the plaintiff's medically determinable impairments on his activities. *See* SSR 09-1p. Plaintiff argues that the ALJ should have found a marked limitation in plaintiff's health because his diabetes required a high level of medical and supportive care (Dkt. No. 11 at 20), however, the evidence shows that during the relevant period his diabetes was generally well controlled, with the exception of an exacerbation caused by the flu and some tests being done after meals. (Tr. 36 *referring to* Tr. 579,677, 687 691). Additionally,

the reports from all three teachers found plaintiff did not suffer any severe limitations due to his diabetes. (Tr. 201, 257, 270). In fact, Ms. Bogacz indicated that she had no knowledge of what diabetic medications plaintiff received and that it did not cause him to frequently miss school; and Ms. Rizzo reported plaintiff had no health issues or complications. (Tr. 257, 270).

In sum, plaintiff simply disagrees with how the ALJ evaluated plaintiff's impairments and the opinions of plaintiff's teachers in the functional equivalence analysis. Plaintiff instead must show that no reasonable factfinder could reach the same conclusions as the ALJ. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994)). Plaintiff failed to meet this burden and, as such, remand is inappropriate on these grounds.

**B. Evidence to the Appeals Council**

After the November 15, 2019 ALJ decision, plaintiff submitted treatment records from Amherst Pediatric Association dated June 19, 2019; a letter from Dr. Thomas Cozza dated February 11, 2020; and treatment records from UBMD Physician's Group, dated October 3, 2019 through October 5, 2019. (Tr. 2). The AC found the evidence did not show a reasonable probability that it would change the outcome of the decision. (*Id.*).

Social Security regulations allow a claimant to submit additional evidence to the AC in support of a Request for Review and the AC must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision. *Hightower v. Colvin*, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) (citing 20 C.F.R. §§ 416.1470(b) and 416.1476(b)(1)). Plaintiff is correct in stating new and material evidence will not warrant remand if it "does not add so much as to make the ALJ's decision contrary to the weight of the evidence." *Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir.2010). Here the records from both prior and

subsequent to the ALJ's decision are cumulative or did not relate to the period of disability and therefore remand is not warranted for consideration of the records.

As an initial matter, plaintiff does not argue that the records submitted to the AC from prior to the ALJ's decision provide new information. The June 19, 2019, treatment note from Amherst Pediatric Association states plaintiff has difficulty with English and behavior issues. (Tr. 86). This is similar to other evidence in the file which was cited by the ALJ in discussing plaintiff's non-severe impairment of adjustment disorder, as well as difficulties with school and interacting and relating with others. (Tr. 28-30, 35). Similarly, the February 11, 2020, letter from Dr. Cozza states plaintiff suffers from diabetes, celiac disease and has mental health issues due to a history of being a refugee. (Tr. 12). This information was also already in the record and the claimant's mental health therapy treatment, dietary issues, and diabetes were discussed in detail by the ALJ. (Tr. 28-30, 32-24, 36). Dr. Cozza's conclusory statement that plaintiff should qualify for "some level of disability" is not opinion evidence as alleged by plaintiff. (Dkt. No. 11 at 29). Rather it is a determination of disability that is an issue reserved for the Commissioner. *See* C.F.R. § 416.920(b)(c)(3)(i) (explaining that a statement that a claimant is disabled is a statement on an issue reserved to the Commissioner and is included among a list of evidence that is described as being inherently neither valuable nor persuasive).

Indeed, medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing because the evidence may demonstrate that plaintiff's condition during the relevant period was more serious than previously thought. *Pulos v. Comm'r of Soc. Sec.*, No. 1:18-CV-00248 EAW, 2018 WL 5801551, at *6 (W.D.N.Y. Nov. 5, 2018). However, that is not the case here, where the evidence generated after the hearing and submitted to the AC was consistent with prior records and did not relate back to the relevant period. The December 20, 2019, record

from UMBD is a treatment note from a routine visit after the relevant period. The record contains numerous other treatment notes from UMBD within the relevant period. (Tr. 539-579; 666-93). The February 10, 2020, Amherst Pediatric Associates record was for a well child visit assessing plaintiff with diabetes without complications. (Tr. 9-10). There is nothing in this treatment note relating to the relevant period or even showing any change in his condition from previous records. Plaintiff broadly states the evidence contradicts the ALJ's findings but does not cite specifically how. (Dkt. No. 11 at 30).

Plaintiff further implies the ALJ should have further developed the record while conversely stating the ALJ should not rely on consultative examinations. (Dkt. No. 11 at 30). Plaintiff does not allege what other information the ALJ should have sought or what may have been missing from the record. (*Id*.). As discussed above, the Regulations recognize that the opinions of consultative examiners may constitute substantial evidence in support of residual functional capacity findings. *Heagney-O'Hara v. Comm'r of Soc. Sec.*, 646 F. App'x 123, 126 (2d Cir. 2016). In sum, plaintiff has not identified any error with the AC's determination nor any deficiency with the record before the ALJ which would warrant remand.

**ACCORDINGLY, it is**

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is DENIED; and it is further

ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED.

Dated: November 28, 2022  *J. Gregory Wehrman*
Rochester, New York  HON. J. Gregory Wehrman
United States Magistrate Judge